### \*AARON SMITH *versus* JOTHAM BOWKER.

Mistake in the addition of *place* must be pleaded in abatement; and cannot be a ground for maintaining trespass against an officer who serves an execution issuing on the judgment.

THIS was an action of trespass, brought by *Aaron Smith* of *Athol*, in the county of *Worcester*, for taking the plaintiff's cows; and was submitted to the judgment of the Court upon the following state of facts, viz., That a writ of attachment in due form of law was purchased out of the clerk's office of the Court of Common Pleas for the county of *Worcester*, dated November 16, 1799, directed to the sheriff of the county of *Hampshire*, or his deputy, commanding them to attach the goods or estate of *Aaron Smith* of *Orange*, in the county of *Hampshire*, yeoman, *alias* gentleman, &c., so that he might be had before the same Court at their then next term in December, 1799, to answer to one *Samuel Sweetser* of *Athol*, in the county of *Worcester*, innholder, in a plea of the case, for not paying the contents of a certain promissory note therein set forth, which said writ, on the 18*th day of Nov.* 1799, was delivered to one *Judah Sexton*, then being and ever since continuing to be a deputy sheriff in and for said county of *Hampshire*, to serve and return; and on the first day of the term of said Court, the said *Judah Sexton* returned said writ, with the following certificate thereon by him signed as deputy sheriff as aforesaid, viz., "*Hampshire*, ss. November 18, 1799. By virtue of this writ I have attached a hat, the property of the within-named *Aaron Smith*, and at the same time left him a summons for his appearance at court as the law directs." And thereupon said action was duly entered on the docket of said Court, and no person appearing to answer to the same, *Aaron Smith* was regularly called and defaulted, and judgment rendered thereon accordingly for $33 34 cents damages, and $9 02 cents costs; and afterwards, on the 23*d day of April*, 1800, an *alias* execution in [ \* **77** ] due form of law was \* issued on said judgment, directed to the sheriffs of *Worcester* and *Hampshire*, or their deputies respectively, and returnable to said Court at the term in June, whereby they were commanded to satisfy the same of the goods, chattels, or lands of *Aaron Smith* of *Orange*, in the county of *Hampshire*, yeoman, *alias* gentleman; which execution, afterwards, on said 23*d day of April*, was committed to *Jotham Bowker*, the defendant in this action, to collect, who then was and ever since has continued to be a deputy sheriff, in and for the county of *Worcester*, and he, the said *Jotham*, by virtue of said execution, and before the

return-day thereof, after requesting *Aaron Smith,* the plaintiff, to pay the contents thereof, and he refusing, took (within his precinct) the cattle mentioned in the plaintiff's writ, and duly advertised and sold the same at public vendue, to satisfy said execution and the legal fees and charges, and returned the overplus to *Aaron Smith,* the plaintiff, which is the supposed trespass in his declaration alleged. And the parties further agree, that *Aaron Smith,* the plaintiff, at the time of the date of said *Sweetser's* writ aforesaid, and of the certificate of the said *Judah Sexton,* had his dwelling-house in *Athol,* in the county of *Worcester,* and was an inhabitant of *Athol;* and that the summons, which was in conformity to said writ, was left by the said *Judah Sexton* at his, said *Aaron's,* dwelling-house in *Athol,* and that the plaintiff did sign the note declared on in said writ of *Sweetser.*

*E. Upham,* for the plaintiff, admitted that a sheriff is justified by his precept, even if the judgment be erroneous; but if he go beyond his precept, he has no excuse. In the case now before the Court, the defendant is a trespasser, because it does not appear that the execution was against the plaintiff, who was *Aaron Smith of Athol,* in the county of *Worcester,* but the execution was *against *Aaron Smith of Orange,* in the county of [ * 78 ] *Hampshire;* it ought to appear that the plaintiff is the person on whom the original writ of *Sweetser* was served. Admitting that the plaintiff signed the note declared on is not an admission that the service was made on him. To prove that the law requires evidence that the person on whom the original writ was served, and on whose goods the original writ of execution was levied, is one and the same person, he cited *Crawford* vs. *Satchwell,* 2 *Stra.* 1218, where that fact appeared by the pleadings; and he also insisted that even if the original writ was served on the present plaintiff, yet as that writ was not against *him,* but against another *Aaron Smith,* the officer who served the writ was a trespasser; and the execution following, as it ought, the original writ, and directing the defendant to collect the contents of *the same Aaron Smith,* could be no justification to the officer in taking the goods of the plaintiff, who is not *the same Aaron Smith,* but another person; and, therefore, the defendant is a trespasser.

*D. Bigelow,* for the defendant, after observing that it was the duty of an officer to make service of process in his hands issued by a court having jurisdiction in the case, said, that it appeared by the state of facts submitted to the consideration of the Court, that the plaintiff made the note declared on in *Sweetser's* writ, and that the summons was left with him, which proves that the *then* defendant,

and the *now* plaintiff, are one and the same person ; and, therefore the defendant in the present action is completely justified.

If *Sweetser* were to bring a new action on the note, the plaintiff, *Smith*, might plead the former judgment in bar, averring that *that* judgment was recovered against him by the name and description of *Aaron Smith* of *Orange*, &c., which would conclude [ * 79 ] *Sweetser ;* and, therefore, it is obvious that * *Smith* should in the first action have taken advantage of the mistake in the *addition of place*, by plea in abatement, which was his only remedy.

*J. Upham*, for the plaintiff, insisted that it appearing by the state of facts that the original writ was against *Aaron Smith* of *Orange*, and that the execution was against *him*, the defendant could not be justified in levying the same on the goods of the present plaintiff, who is and was another *Aaron Smith*, viz., *Aaron Smith* of *Athol ;* and although the summons in the original action was left at the *now* plaintiff's dwelling-house, yet he could not suppose it was intended for him, when it was expressly directed to *Aaron Smith* of *Orange*.

This case was argued on *Thursday*, the third day of this term ; and on *Saturday*, the last day of the term, the Court declared their opinions.

THACHER, J. There is no question in my mind that the defendant, *Bowker*, made a legal service of the execution. It appears by the state of facts, that the present plaintiff made the note declared on in *Sweetser's* action, and that the writ was served on him in that action ; if he was not properly described in the writ, he should have taken advantage of the mistake by a plea in abatement ; this he did not do, but permitted judgment to be rendered against him. An execution issued on that judgment, directed to the present defendant, whose duty it was to execute the precept. He was under no obligation to make inquiry into the regularity of the service of the original writ.

Whether *that* service was regular or irregular, it would make no difference as to *Bowker*. With the execution in his possession, he finds within his precinct the goods of *Smith*, which the officer takes and sells as he is commanded, and, therefore, he cannot be considered as a trespasser.

[ * 80 ] * SEDGWICK, J. The plaintiff has neither law nor justice on his side. The original judgment, of the execution of which this action complains, was for a debt justly due, for which a promissory note had been given by the plaintiff in this action ; the process had been legally served ; so that *Smith* might have appeared

SMITH *vs.* BOWKER.

had he pleased, and abated the writ for the wrong description which was given of the place of his domicil. This he neglected to do; but endeavors to punish, by this action, the officer for duly serving the execution. No one can possibly doubt what the justice of the case requires. In point of precedent, the case *Crawford* vs. *Satchwell* is decisive. *Crawford*, by the Christian name of *Archibald*, brought trespass and false imprisonment against *Satchwell*; *Satchwell* justified under a *capias ad satisfaciendum* upon a judgment against *Arthur Crawford*, and averred that the plaintiff in the action was the same person who was sued by the name of *Arthur*. On demurrer, the court held it a good plea, the defendant (in the first action) having missed his time for taking advantage of the misnomer, which should have been by pleading it in that action.

That case goes the full length of the case now under consideration. Here the plaintiff made the note declared on in the first action: the writ was duly served on him: instead of appearing and taking advantage of the misnomer, he permitted judgment to go against him by default; and he now attempts to punish the officer who faithfully executed the judgment thus obtained. There is neither honor nor honesty in this attempt.

STRONG, J. It is confessed, by the facts, that the plaintiff is the person who made the note declared on in the original action, and who was served with the summons. The defendant has in his hands an execution issued on the judgment rendered in that action, directing him to take the * property of *Aaron* [ * **81** ] *Smith*, the present plaintiff, described as of *Orange*. The defendant finds, within his precinct, the property of the plaintiff, on which he levies the execution. The question is, whether the defendant was bound to inquire as to the service of the original writ. He certainly was not. The officer is not holden to look beyond his execution. It might, perhaps, be a question whether the judgment, rendered as that was, on default, might not be reversed; but with that question the officer has nothing to do. I have never known a question like this, except in cases of writs of error; but I think that the defendant in the original action could take advantage of the mistake in the writ only by pleading in abatement. Be that as it may, I am clear that the present defendant has legally executed his writ, and that he is, therefore, upon the state of facts submitted, entitled to judgment.

*Judgment for the defendant.*