JUDGE WOOD
DELIVERED THE OPINION OF THE COURT:
There is no error in the judgment of the circuit court. The appellants have shown no title, either legal or equitable, to the land in controversy. The mode in which they attempt to show title is this, namely:
1. A head-right certificate, granted by the county court of Muhlenburg to John Hopkins, in 1801, under the act of 20th December, 1800.
*249 2. A survey made under this certificate in 1805, and assigned in 1810 to Elizabeth Morton.
3. A grant to E. Morton dated February, 1848.
Appellants are the heirs of E. Morton, being children and grand-children.
This claim is utterly defeated by the acts of the State, which we will here mention.
There was a very general failure, upon the part of persons to whom the head-right certificates were issued by the county courts of the State, under the act of 1800, to pay for the lands which they occupied.
Divers acts were passed by our general assembly, from year to year, granting further indulgence to the holders of these certificates, and regulating the mode in which payments of the debts due to the State were to be enforced.
An act approved 23d December, 1803, granted further indulgence to the settlers, and directed the sums due from them to be paid in instalments. This act reserves the lien of the State upon the land to secure the payment of the instalments, and reserves also the right to enforce payment by future legislation. An act approved February 1, 1813, (5 Litt. Laws,p. 42,) directed a sale by the Register of these lands, for the satisfaction of the instalments which then remained due and unpaid. The 6th section of this act directs that the register shall, in making the sales, be governed in all things by the provisions of the act approved 20th December, 1806. (See. M. & B. Dig., 2 vol., p. 955.)
The last named act prescribes the mode of sale, and requires that the Register shall give to every purchaser under the act a certificate of his purchase; and provides further, that the sale so certified shall absolutely pass the land described in the location or entry, and the whole force and effect of the claim shall pass and be vested in the purchaser, and shall not be defeated by any assignment or transfer that may have taken place, or by any other defect or cause whatever, except the instalment or instalments for which such sale shall take place shall have been paid prior to such sale.
*250 Under these acts the Register, in November, 1813, sold the land for which John Hopkins had obtained a certificate from the Muhlenburg comity court, and Sam’l H. Earle became the purchaser. From the depositions of the present Auditor and Register, the extracts from the records in their offices, and other testimony, it cannot be doubted that this sale was made, that Earle was the purchaser, and that a certificate of the purchase was issued to him by the Register. It cannot be presumed that the Register, an officer of the law, intrusted with authority to sell, would have sold without having previously done whatever he was required by the duties of his office to have done before selling. (Hickman vs. Skinner, 3 Mon., 211.) The effect of the sale was to pass the land absolutely to the purchaser.
The whole force and effect of the claim was vested in him.
This effect was not defeated by the assignment to Elizabeth Morton.
It appears by the deposition of John Morgan, a brother of Elizabeth Morton, that she was dead when the patent was issued in her name, and had been dead about eighteen years.
That patent was improperly issued, and the appellants derive no title from it.
The defendant Eaves shows that he is entitled by purchases and conveyance to three fourths of the land, and that the remaining fourth belongs to the children and heirs of Leonora • Berry, deceased, who was a daughter of Earle, the purchaser at the Register’s sale.
The judgment of the circuit court was correct, and must be affirmed.