Boynton, J.
The right of the contestant to the office of probate judge of Muskingum county depends on the solution of the question, whether the inmates of the county infirmary, located in Ealls township in that county, who, at the time they were received into the infirmary, were residents of other townships, and who voted in said Falls township at the October election of 1878, were, under the special finding of facts entitled to vote in that township.
The constitution provides, that “ every (white) male citizen of the United States, of the age of twenty-one year’s, who shall have been a resident of the state one year next preceding the election, and of the county, township, or ward in which he resides, such time as may be provided by law, shall have the qualifications of an elector, and be entitled to vote at all elections.” Article 5, § 1.
Section 4 of the same article provides, that the general assembly shall have power to exclude from the privilege of voting, or of being eligible to office, any pei’son convicted of bribery, perjury, or other infamous crime ; and, by section 6, it is provided, that no idiot or insane person, shall be entitled to the privileges of an elector.
These are the only provisions of the constitution that re *534 late to the qualification of electors, and they confer on all persons having the requisite qualifications of sex, age, and residence, the right to vote at all elections, except idiots and insane persons, and such other persons as may have been denied or excluded from the privilege by reason of their conviction of some infamous crime.
Therefore, if not an idiot nor insane, and he has not been excluded from the privilege of voting for crime, the right of an inmate of a county infirmary to vote is as fully guaranteed and secured to him by the constitution as that of any other citizen. The question then comes to this : Is an inmate of a county infirmary, having his residence when received into the infirmary in a township other than the one in which the infirmary is situated, incapacitated from forming a purpose or intent to change his residence ?
While the question is not free from doubt, we incline to think he is not. The word “ residence,” as used in the constitution, has substantially the meaning of “habitation,” “ domicile,” or “ place of abode.” The law ascribes a domicile to eveiy person, and no person can be without one.
In Bell v. Kennedy, L. R. 1, H. L. 320, it was said by Lord Westbury, that domicile is the relation which the law creates between an individual and a particular locality or country. And by Judge Story, in his Commentary on the Conflict of Laws, that it is of three sorts :■ domicile of birth, domicile of choice, and that which results from the operation of law. § 46. Domicile of birth remains until another is chosen, or where a person is incapable of choosiug, until one results by operation of law. To acquire a new residence or domicile, where one is under no disability to choose, two things must concur — the fact of removal and an intention to remain. The old domicile is not lost or gone until the new one is acquired,facto et animo. It is not, however, necessary that the purpose to acquire a new residence should exist at the time of removal. It may be formed afterward. A residence may be *535 acquired by one who has removed to a place for temporary purposes only, by a change of purpose, and an election of the new habitation or place of abode as his place of future domicile or home. Story’s Conflict of Laws, § 89. In such case the old residence would be gone, and the new one acquired from the point of time when the intention to adopt the new residence was determined upon and fixed. “In a strict legal sense, that is properly the domicile of a person where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning.” Ibid., § 41.
It is not, howmvcr, necessary that he should intend to remain there for all time. If he lives in a place, with the intention of remaining for an indefinite period of time, as a place of fixed present domicile, and not as a place of temporary establishment, or for mere transient objects, it is to all intents, and for all purposes, his residence. § 46. Bruce v. Bruce, 2 Bos. & Pull. N. 228; Sears v. City of Boston, 1 Met. 250. These' are well settled rules relating to the selection or change of residence, existing when the constitution was adopted, and consequently apply in all cases where a change of residence results from or depends upon choice. The question is, and must always remain, one of fact, often attended with much difficulty; but to be determined by the preponderance of evidence favoring one place as against another. Residence resulting from the operation of law supervenes upon a disability to make choice. Minors being incapable of acquiring a domicile, retain that of their parents. A married woman takes the domicile of her husband; an illegitimate child that of its mother. An insane person may take that of his guardian. Trustees of Jackson Tp. v. Trustees of Polk Tp., 19 Ohio St. 28. A person under confinement for crime can not adopt a new residence until discharged from imprisonment. Such disability is said to arise from the general principle that a person under the power and authority of another possesses no right, or is incapacitated, to choose a residence. Story’s Conflict of Laws, § 46. But this incapacity does *536 not necessarily attach to the condition of an inmate of a county infirmary. That he is under a species of restraint there is no doubt. It is also true, that he can not exercise that freedom of choice that may be exercised by one lesa needy and helpless, and less affected by circumstances. But very many persons in indigent circumstances, living upon the bounty and charity of others, are, as respects their ability to form and execute the purpose to select a new residence, affected similarly to those who are inmates of an almshouse. The permanency of their residence must largely depend on the continuance of such charity.
Yet no one doubts the legal capacity of one so situated to change, his domicile at pleasure. Laws regulating relief for the poor, and prescribing the conditions on which it will be furnished, including the settlement necessary to enable one to obtain it, and those that regulate the right to vote, have no necessary relation. The words “settlement” and “ residence ”, are not necessarily of the same import. The former derives its meaning from the statute, while the force and effect of the latter are to be drawn from the sense in which the word “ resided ” is used in the constitution. It is provided by the constitution of many of the states, that no inmate of an almshouse or asylum shall acquire a residence there, while receiving support at the expense of the public. This inhibition evinces an understanding in such states, that, without such provision, the particular circumstances would not prevent the inmate from acquiiing a new residence at the place where the almshouse • or asylum was located. The inmate of an infirmary in this state is not restrained of his liberty, nor kept in the infirmary against his will. He is under no such restraint as prevents him from removing from the infirmary to any other place in the township, if he chooses to do so.
The court below specially found that each of the persons whose right to vote in Falls township is drawn in question, possessed the necessary qualifications to entitle them to vote therein, if they could, after becoming inmates of the infirmary, change their respective residences from other townships *537 in said county to that township; and that while such inmates, they severally did adopt said Falls township as their permanent residence; and by such act of adoption and selection, and not otherwise, did change their residence to Falls township.
This, we think, they were competent to do. Persons may be, and often are, so needy and helpless as to make it reasonably certain that the remainder of their days will be spent in the infirmary; and when this is the case, the infirmary is to such persons, in the full sense of the term, their habitation or home. If the inmate is a voter, and has no family in another township, and has adopted the infirmary as his abode, looks upon and treats it as his home, and has been sufficiently long a resident, he is entitled to vote at all elections in the township wherein the infirmary is situated.

Judgment affirmed.