DANTES L. ANGERS & others[1] *vs.* ROGER E. ADAMS.

Hampden.    March 5, 1958. — April 9, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Trust,* Termination.

After termination of a real estate trust by certain action of the shareholders as provided for in the indenture of trust, it was proper to enter a decree for the plaintiffs in a suit in equity by one of the two trustees and the shareholders against the other trustee to compel the defendant to join in distributing the trust assets in accordance with the provisions of the indenture.

BILL IN EQUITY, filed in the Superior Court on November 23, 1954.

The suit was heard by *O'Brien,* J.

In this court the case was submitted on briefs.

*Henry E. Patnaude,* for the defendant.

*Frederick S. Pillsbury,* for the plaintiffs.

COUNIHAN, J. This is a bill in equity brought by the owners of all of the shares of the Gladmore Realty Trust, a voluntary association under a written declaration of trust

---

[1] Lorraine A. Milewski, Jeannine A. Savoie, Ida P. Angers.

dated October 25, 1933, and recorded in the registry of deeds for Hampden County. Dantes L. Angers, one of the plaintiffs, is a trustee of the Gladmore Realty Trust and the defendant is the other and he was formerly the managing trustee. The bill seeks to compel the defendant as said trustee to join with Dantes L. Angers in conveying the real estate in the trust and to turn over all of the assets of the trust to the plaintiffs.

The judge caused to be entered a final decree adjudging that the Gladmore Realty Trust was terminated by a declaration of the shareholders dated October 1, 1954, and recorded in the registry of deeds for Hampden County, and ordering that the trustees thereof shall convey all of the real estate of the trust and distribute all other assets of the trust to Dantes L. Angers and Jeannine A. Savoie, as trustees of the Gladsome Realty Trust, being the nominees of all of the shareholders of the Gladmore Realty Trust.[1] There was no error. The case comes here upon the appeal of the defendant.

The judge made a report of material facts and the evidence is reported.

All questions of law, fact, and discretion are open for review by us and we may make findings in addition to those made by the judge but we do not disturb his findings of fact unless they appear to be plainly wrong. *Miller* v. *Perry*, 333 Mass. 155, 156.

We gather from the evidence, the exhibits and the findings of material facts that the Gladmore Realty Trust was established in 1933 with a capital of one hundred shares, to continue for a period of fifteen years. In 1948 the term of the trust was duly extended for another fifteen years and notice thereof was duly recorded in the Hampden County registry of deeds.

Paragraph 5 of the indenture of trust provides that "Three fifths or more in interest of the shareholders may

---

[1] We are informed that, by reason of a typographical error, the decree as it appears in the record named the trustees of the Gladmore Realty Trust instead of the Gladsome Realty Trust as it appears in the original decree.

determine this trust at any time by a declaration in writing, to that effect, signed by them, addressed to the trustees, and recorded with Hampden County registry of deeds . . . and thereupon all proper proceedings shall be had for the final sale of the property . . . said trustees shall, upon the termination of this trust . . . divide said trust estate ratably among those persons who are the shareholders of record, and . . . said trustees may convey any real estate held by them free from all trusts, to said shareholders, in proportion to the number of shares held by him respectively . . . ."

On October 1, 1954, three of the plaintiffs, together owning ninety-nine out of the one hundred shares of the Gladmore Realty Trust outstanding, declared that the Gladmore Realty Trust be terminated and so notified the trustees in writing. On November 19, 1954, a copy of this declaration of termination was recorded in the Hampden County registry of deeds.

The judge specifically found that all accounts payable have been kept current; that the defendant has been paid for all money owed him by the trust, including compensation; and that there is ample cash on deposit in the trust accounts to pay all outstanding indebtedness, including taxes and the fees of a receiver who had been appointed by the court to take over the management of the property. Nothing remains for the trustees to do except to make distribution.

One of the trustees who is also one of the plaintiffs is ready to make conveyance and distribution to the nominees of the plaintiffs but the defendant is not. The only ground upon which the defendant bases his refusal to act is that the plaintiffs do not come into court with clean hands because of a transaction before they notified the defendant of the termination of the trust, whereby three of the plaintiffs representing ninety-nine shares of the trust made a deposit in a Springfield bank in their own names. The judge expressly found, however, that the plaintiffs were not guilty of bad faith and that the claim of unclean hands has not

been established by the evidence. We cannot say that the judge was plainly wrong. This appeal appears to be a frivolous one.

*Decree affirmed with double costs*
*to the plaintiffs.*