## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Census. *Domicil.* *Words*, "Domicil," "Domiciliary," "Inhabitant."

For the purpose of taking the decennial census of the "inhabitants" of each city and town required by art. 92 of the Amendments to the Massachusetts Constitution, use may not be made of the current Federal "rules of residence," which establish a standard for determining whether a person is a resident for Federal census purposes significantly different from the standard for determining whether a person is an "inhabitant" as defined in Part II, c. 1, § 2, art. 2 of the Massachusetts Constitution. [661-664]

On May 20, 1974, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this reply to the question set forth in an order adopted by the House on April 29, 1974, and transmitted to us on May 2, 1974. The order recites the pendency before the General Court of two bills, copies of which have been transmitted to us with the order. One bill is entitled, "An Act providing that the federal rules of residence be followed in taking the census of inhabitants" (House No. 2926); the other bill is entitled, "An Act providing that certain federal rules be followed in the taking of the census of the inhabitants of the cities and towns" (House No. 3715). The order further recites that the "federal rules of residence provide for the enumeration of persons according to their

'usual place of residence' which is generally construed to mean the place where an enumerated person lives and sleeps most of the time, which place is not necessarily the same as legal residence, voting residence, or domicile.''

Each bill in identical language proposes to amend § 7 of G. L. c. 9, as appearing in St. 1971, c. 820, § 2.[1] Section 7 provides for the taking of a decennial census of the inhabitants of the cities and towns of the Commonwealth. Article 92 of the Amendments to the Constitution of the Commonwealth requires that "a census of the inhabitants of each city and town" be taken every ten years. Article 92 was adopted in 1970 to eliminate the requirement of art. 21 of the Amendments, as appearing in art. 71 of the Amendments, that apportionment be on the basis of legal voters, a constitutional basis which was seriously doubted in *Opinion of the Justices*, 353 Mass. 790, 799 (1967). The decennial State census is to be used, pursuant to art. 92 of the Amendments to the Constitution, as the basis for determining representative, senatorial and councillor districts. The order recites that the use of the Federal rules of residence in taking the decennial census would affect a number of State purposes, including the distribution of State aid to the cities and towns. The proposed amendment would add a new sentence to § 7, reading: "In making such census the federal rules of residence published by the United States Bureau of the Census shall be used as a basis for determining residence." See 1973 House Doc. No. 7020, pp. 60-64, 344-347.

The order states that grave doubt exists as to the constitutionality of these bills if enacted into law.

The question presented in the order is:

"Is it constitutionally competent for the General Court to enact legislation providing that in taking the state decennial census the federal rules of residence published

---

[1] We note that G. L. c. 9, § 7, has been further amended by St. 1972, c. 735, § 1.

by the United States Bureau of the Census shall be used as a basis for determining who is an inhabitant of a particular city or town, notwithstanding the definition of 'inhabitant' contained in the first paragraph of Article II of Section II of Chapter I of Part II of the Constitution of the Commonwealth?"

Article 2 of Part II, c. 1, § 2, of the Constitution of the Commonwealth, to which reference is made in the question asked, states in part: "And to remove all doubts concerning the meaning of the word 'inhabitant' in this constitution, every person shall be considered as an inhabitant, for the purpose of electing and being elected into any office, or place within this state, in that town, district or plantation, where he dwelleth, or hath his home." That constitutional definition has long been interpreted to mean that a person shall be considered an "inhabitant" of the place where he is domiciled. See *Blanchard* v. *Stearns*, 5 Met. 298, 304 (1843); *Opinion of the Justices*, 122 Mass. 594, 597, 599 (1877). The words "inhabitant" and "inhabitancy" have generally been regarded as synonymous with the words "domiciliary" and "domicil." *President & Fellows of Harvard College* v. *Gore*, 5 Pick. 370, 378 (1827). *Lyman* v. *Fiske*, 17 Pick. 231, 234 (1835). *Sears* v. *Boston*, 1 Met. 250 (1840). Compare G. L. c. 1, § 1, defining "citizens" in terms of domicil. In turn "[d]omicil has been said 'to be the place of one's actual residence with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode.' " *Rummel* v. *Peters*, 314 Mass. 504, 512 (1943), citing *Tuells* v. *Flint*, 283 Mass. 106, 109 (1933). The elements of actual residence and intent must both exist. *White* v. *Stowell*, 229 Mass. 594, 598 (1918). *Katz* v. *Katz*, 274 Mass. 77, 80-81 (1931). *Commonwealth* v. *Davis*, 284 Mass. 41, 50 (1933).

We think it clear without elaboration that a census that determines the place of which a person is an inhabitant on the basis of where he or she lives and sleeps most of the time will not satisfy the requirement of the Constitution of the Commonwealth that a person be assigned as an inhabitant

to the place of his or her domicil. The present Federal rules of residence, as described in the order, give no consideration to the intention of a person in determining his "residence" for Federal census purposes. Indeed the Federal rules of residence used by the United States Bureau of the Census consciously ignore the concept of domicil and adopt a more objective and possibly less complicated test for determining a person's place of residence. See *Borough of Bethel Park* v. *Stans*, 319 F. Supp. 971, 977 (W. D. Pa. 1970), affd. 449 F. 2d 575 (3d Cir. 1971), upholding the use of the Federal rules of residence in conducting the Federal decennial census against a challenge under the Constitution of the United States.

We find no ground for concluding that the use of domicil as the basis for determining legislative and councillor districts violates any requirement of the Federal Constitution. If, of course, our State constitutional provision requiring the use of "inhabitants" in determining those districts were violative of the Constitution of the United States, it would be void and could be disregarded. See *Opinion of the Justices*, 353 Mass. 790, 799 (1967). We believe, however, that the Supreme Court of the United States has accepted domicil as a valid basis for determining representational apportionment and voting rights. See *Carrington* v. *Rash*, 380 U. S. 89, 93-94 (1965); *Burns* v. *Richardson*, 384 U. S. 73, 95-96 (1966).

Because the present standard of residency for Federal census purposes is significantly different from the standard mandated by the definition of "inhabitant" in Part II, c. 1, § 2, art. 2, that Federal standard may not be adopted for the purpose of conducting the decennial census required by art. 92 of the Constitution of the Commonwealth.

We answer the question, "No."

G. JOSEPH TAURO
PAUL C. REARDON
FRANCIS J. QUIRICO
ROBERT BRAUCHER
EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS