RICHARD E. COULOMBRE *vs.* BOARD OF REGISTRARS OF
VOTERS OF WORCESTER.

Worcester.    February 13, 1975. — April 17, 1975.

Present: HALE, C.J., ROSE, & KEVILLE, JJ.

*Equity Pleading and Practice,* Declaratory proceeding.  *Domicil.   Elections.*

It was proper for a party seeking to establish that he was domiciled in a certain town for voter registration purposes to file a petition for declaratory relief pursuant to G. L. c. 231A since the provisions of G. L. c. 30A, the Administrative Procedure Act, do not apply to actions by municipalities and were therefore unavailable to the plaintiff, and since in any case the availability of another remedy does not preclude declaratory relief. [207-208]

A patient living at a mental hospital in Worcester as a condition of probation was a resident of Worcester, within the meaning of G. L. c. 51, § 1, for the purpose of registering to vote where he was employed in Worcester, maintained a bank account there, and intended to remain in Worcester "for the time at least." [208-209]

BILL IN EQUITY filed in the Superior Court on December 4, 1972.

The suit was heard by *Meagher, J.*

*Mel L. Greenberg* for the plaintiff.

*William F. Scannell*, Assistant City Solicitor (*Henry P. Grady*, City Solicitor, with him) for the defendant.

KEVILLE, J.   A patient at Worcester State Hospital filed a petition for declaratory relief in the Superior Court, pursuant to G. L. c. 231A, seeking to establish that he was a resident of Worcester under G. L. c. 51, § 1, as amended through St. 1972, c. 587, § 1, and that the refusal of the board of registrars of voters of Worcester to register him as a voter violated the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States; the Voting Rights Act of 1965, 42 U. S. C. § 1971 (a) (2) (A) (1970); and arts. 1 and 9 of the Declaration of Rights of the Constitution of the Commonwealth. The trial judge concluded that the plaintiff should have sought relief under the Administrative Procedure Act, G. L. c. 30A, or through a petition for a writ of certiorari and that a proceeding under G. L. c. 231A was not the proper remedy. He further concluded that, upon the evidence presented by the plaintiff, the board acted properly in finding that the plaintiff was not a resident of Worcester and in denying him registration. The plaintiff appeals from a final decree dismissing his bill. The judge adopted as a report of material facts his findings of fact contained in his earlier findings, rulings and order for a decree. The evidence is also reported. We may review all questions of law, fact and discretion and make findings in addition to those made by the judge but his findings of fact will not be disturbed unless plainly wrong. *Angers* v. *Adams*, 337 Mass. 325, 326 (1958). *All Stainless, Inc.* v. *Colby*, 364 Mass. 773, 776 (1974).

It was proper for the plaintiff to have sought relief under G. L. c. 231A. The Administrative Procedure Act does not apply to actions by municipalities and was therefore unavailable to the plaintiff. G. L. c. 30A, § 1. *Boston Edison*

*Co.* v. *Selectmen of Concord,* 355 Mass. 79, 83 (1968).
Furthermore, he was not precluded from seeking declara-
tory relief even though another remedy might have been
open to him (e.g., a petition for a writ of certiorari).
*Meenes* v. *Goldberg,* 331 Mass. 688, 691 (1954). *Fred C.
McClean Heating Supplies, Inc.* v. *Westfield Trade High
Sch. Bldg. Comm. of Westfield,* 345 Mass. 267, 268-270
(1962). Compare *Hershkoff* v. *Registrars of Voters of Wor-
cester,* 366 Mass. 570 (1974). Contrast *Johnson Prod. Inc.*
v. *City Council of Medford,* 353 Mass. 540, 544-545 (1968),
app. dism. and cert. den. 392 U. S. 296 (1968).

We conclude that the judge erred in ruling that the
plaintiff did not qualify as a resident of Worcester for voter
registration purposes under G. L. c. 51, § 1. A determination
of residency for voting purposes requires a voter to have
his domicil in the city or town in which he seeks to register.
*Id.* at 576. See *Putnam* v. *Johnson,* 10 Mass. 488, 501
(1813). *Opinion of the Justices,* 5 Met. 587, 588 (1843).
*Opinion of the Justices,* 365 Mass. 661, 663 (1974). It has
often been said that "domicil is the place of one's actual
residence 'with intention to remain permanently or for an
indefinite time and without any certain purpose to return
to a former place of abode.' . . . 'Expressions such as these
should not be taken literally.' " *Hershkoff* case, *supra,* at
578. "A change of domicil takes place when a person with
capacity to change his domicil is physically present in a
place and intends to make that place his home for the time
at least." *Id.* at 576-577.

The judge's findings, which are supported by the evi-
dence, reveal that the plaintiff's last known domicil was in
Winthrop, the home of his adoptive parents; that he had
not been there since 1965; that he had had no contact with
his parents for five or six years; that he was a patient at
Worcester State Hospital; that his living there was not a
result of his own volition but a condition of probation; that
he was employed in Worcester and maintained a bank ac-
count there; and that his only basis for living in Worcester
was to comply with the terms of his probation and earn
enough money to leave. In our view of these facts, the

plaintiff satisfied the actual presence and intent require-
ments to establish domicil. He was residing in Worcester.
While he intended to leave eventually when he earned
enough money to do so, he nevertheless intended to make
his home in Worcester "for the time at least." *Hershkoff*
case, *supra*, at 580. His probation and institutionalization
in a State hospital, which compelled him to come to and
remain in Worcester, did not preclude him as matter of
law from choosing a new domicil for voting purposes. Sim-
ilar results have been reached in the case of soldiers obliged
to remain in a certain place under the orders of superiors.
*Mooar* v. *Harvey*, 128 Mass. 219, 220 (1880). *Carrington*
v. *Rash*, 380 U. S. 89, 96 (1965). We follow the reasoning
of *Stifel* v. *Hopkins*, 477 F. 2d 1116, 1120-1127 (6th Cir.
1973) which recognizes that many forces compelling an
individual's relocation, often equate in degree while differ-
ing in kind. *Id.* at 1124. "We recognize the importance of
considering physical or legal compulsion in determining
whether domicile is gained or lost, but we limit the applica-
tion of involuntary presence to its operation as a pre-
sumption ordinarily requiring more than unsubstantiated
declarations to rebut." *Id.* at 1126. Where, as here, in addi-
tion to his statement of intent, the plaintiff worked in the
city and otherwise engaged in community activity, he
satisfied the residency requirement of G. L. c. 51, § 1. In
light of our decision as to domicil for voting purposes, we
need not reach the plaintiff's constitutional contentions.
*Hershkoff* case, *supra*, at 580-581. The final decree is re-
versed and a new decree is ordered declaring the plaintiff
to be a resident of Worcester within the meaning of G. L.
c. 51, § 1.

*So ordered.*